05-78446

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK SHAPIRO, | Adversary No. 06-4099 |
| | Detroit, Michigan |
|     Plaintiff, | August 23, 2006 |
| | 12:20 p.m. |
|        v | |
| OPTION ONE MORTGAGE, | |
|     Defendant. | |
| _____/ | |

BENCH OPINION
HONORABLE THOMAS J. TUCKER
TRANSCRIPT ORDERED BY: <u>HONORABLE THOMAS J. TUCKER</u>

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | TRACY CLARK, ESQ. (P60262) |
| | Steinberg, Shapiro & Clark |
| | 24901 Northwestern Highway |
| | Suite 611 |
| | Southfield, MI 48075 |
| | 248-352-4700 |
| For the Defendant: | JOHN STODDARD, ESQ. (P56411) |
| | Gold, Lange & Majoros |
| | 24901 Northwestern Highway |
| | Suite 444 |
| | Southfield, MI  48075 |
| | 248-350-8220 |
| Court Recorder: | Shelley Grasel |
| Transcriber: | Deborah Kremlick |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1    (Court in Session)

2        THE COURT:  All right.  I did see that -- I think I

3    saw -- I recall the discussion relating to that that you're

4    referring to in Judge McIvor's case on reconsideration.  Just

5    a moment.

6        All right.  Thank you.  I'm going to rule on these

7    motions on the merits today.  I'm not going to stay this case

8    pending the 6th Circuit's decision in the <u>Lee</u> case.  That could

9    be a year or more, it could be a very long time.  And I don't

10   see any reason to stay the decision to see what develops in

11   terms of the claims bar date in this case and whether claims

12   are filed.

13       The -- further the existence of a potentially small,

14   3,000, $4,000 amount of joint debt if claims are timely filed

15   by the bar date which remains to be seen as the only thing

16   this real estate could be administered for if the mortgage is

17   avoided in my view is not a defense to avoidance of the

18   mortgage, at least under the view that I'm -- I take of this

19   case.

20       And so the -- in my view it's appropriate to decide the

21   merits here and I'll do that.  I'm going to start with Option

22   One's summary judgment motion.

23       First, on the subject of the earmarking doctrine and the

24   diminishment of the estate arguments, those are based upon

25   cases like the decision by District Judge Steeh from our

1  district and other cases that have been cited.  Judge Steeh's

2  case decision is 339 BR 165, March 6, 2006 which is currently

3  on appeal to the United States Court of Appeals for the 6th

4  Circuit.

5      The other side of the argument in large part in my view

6  is presented and presented very persuasively among other

7  places in the opinion of Judge Rhodes which Judge Steeh's

8  decision in Lee reversed.  And Judge Rhodes' opinion is

9  reported at 326 BR at Page 704, it was a decision of July 8,

10 2005.

11     By and large for -- well, for all the reasons and based

12 on all the authorities cited by Judge Rhodes in his opinion at

13 the lower Court in the Lee case that I just cited, I agree

14 with the trustee and must reject the Option One's arguments in

15 terms of the view of the law here.  And I must respectfully

16 disagree with Judge Steeh and his decision in the Lee case.

17     Now on that subject I agree with the trustee and disagree

18 with Option One to the extent the -- the -- of any argument by

19 Option One that I am bound as a matter of stare decisis to

20 follow Judge Steeh's decision in the Lee case.  Perhaps Option

21 One is not going quite that far, but in my view I agree with

22 the cases of the Bankruptcy Judges in our District in prior

23 years that examined carefully the issue and hold that the -- a

24 Bankruptcy Judge is not bound to follow the decisions of any

25 single member of the District Court, at least not in a

1 | multi-district Judge district as a matter of stare decisis.

2 | And I agree with the reasoning in those decisions and the

3 | cases I would cite on that are <u>Gaylor</u>, G-a-y-l-o-r <u>v First of</u>

4 | <u>America Bank</u>, <u>In Re: Gaylor</u>, 123 BR 236 at Page 243 and <u>Nathan</u>

5 | <u>v Shay</u>, <u>In Re: Marks and Gergins, Inc.</u>, 199 BR 922 at Page

6 | 928. Decisions of the Bankruptcy Court in our district from

7 | 1991 and 1996 respectfully -- respectively.

8 | While I certainly have the utmost respect for the

9 | decision -- decisions of the District Court in our district,

10 | and for Judge Steeh's decision in the <u>Lee</u> case which was

11 | obviously the product of much careful thought by him and work,

12 | I must respectfully disagree with him with respect to the

13 | earmarking doctrine and the diminishment of funds concept and

14 | his holding that mortgage refinancing transactions should be

15 | viewed as one single transaction essentially no matter what.

16 | And the reason I -- you know, there's been quite a bit

17 | written on this already in this district and elsewhere. The

18 | 6th Circuit hasn't spoken directly on this to my knowledge and

19 | no 6th Circuit case has been cited on this. But in my view I

20 | think decisions like the <u>Lee</u> decision by Judge Rhodes have it

21 | right when they focus on the granting of a mortgage by a

22 | debtor such as was done here as part of a refinancing

23 | transaction, as a transfer by the debtor of an interest of the

24 | debtor in property.

25 | And as to the giving of such a mortgage therefore is

1  subject to possible avoidance under Section 547(b). The
2  actual disbursement of loan funds in the refinancing is as I
3  think argued well and correctly by Option One in this case, is
4  in this case not suitable to view as a -- a transfer of the --
5  of an interest in the debtor in property because of the
6  earmarking doctrine.

7      The earmarking doctrine, however, does not apply to the
8  mortgage. That is clearly a transfer of an interest of the
9  debtor in property. The debtor is giving a new mortgage to a
10 different mortgagee which is what happened here. The debtor
11 is clearly making a transfer of an interest of the debtors in
12 property.

13     And that's in my view that's clear under 547(b). The
14 trustee seeks to avoid only the mortgage, does not seek to
15 avoid any other transfer. And I think that is the proper way
16 conceptually of -- of viewing the transfers here. The focus
17 has to be on the only transfer here that is a transfer of
18 property of the debtor and that is the giving of the new
19 mortgage as part of the refinancing transaction that occurred
20 in this case.

21     The -- in my view that's clear under the combination of
22 the clear and unambiguous wording of Section 547(b)'s phrase
23 the trustee may avoid "any transfer of an interest of the
24 debtor in property" provided it meets the elements of 547(b)
25 and is not subject to defenses under 547(c).

1    So the mortgage here clearly qualifies as such a
2  transfer.  The parties, as I understand it, the parties agree,
3  defendant acknowledges for purposes of this case, not only the
4  cross motions for summary judgment with the case that the
5  trustee -- that the mortgage here must be viewed as having
6  been made on the date that it was perfected -- or I'm sorry --
7  yeah, made on the date in which it was perfected under Section
8  547(e)(2)(B) rather than the date on which it took effect
9  between the transferor and the transferee under Section 547(b)
10  -- or (e)(2)(A).

11    Because as counsel for Option One has conceded, the
12  mortgage in this case was not recorded and therefore not
13  perfected -- was it not recorded under Michigan law and
14  therefore not perfected within the meaning of Section
15  547(e)(2) within ten days after the transfer, that is the
16  mortgage took effect between the transferor and the
17  transferee, that is between the debtors and the -- and Option
18  One Mortgage.

19    And further as I understand it Option One has conceded
20  that the -- the recording of this mortgage not only did not
21  occur within ten -- the ten day safe harbor time of Section
22  547(e)(2)(A), but -- but also the recording of the mortgage
23  did occur within the 90 day preference period.  And therefore
24  the mortgage transfer represented by the -- the giving of the
25  mortgage must be viewed as having been made, the transfer

1  having been made within the 90 day preference period under

2  Section 547(b)(4) and also to have been made for or on account

3  of an antecedent debt owed by the debtor before such transfer

4  was made.

5      And that's clear as well because the mortgage is viewed

6  as having been -- a transfer having been made more than ten

7  days after the mortgage refinancing and the advancement of --

8  the occurring of the debt that the debtor -- that the mortgage

9  secured by the debtors.

10     The -- the argument that -- in any event that's my view

11 so far or what I've said is my view of how earmarking properly

12 works.  It does not apply to the mortgage, the transfer which

13 is the mortgage.  There's no basis for applying it to that and

14 to do so would be in this case inconsistent in my view with

15 the plain wording of Section 5 -- meaning of Section 547(b)'s

16 phrase that permits avoidance of any transfer of an interest

17 of the debtor in property, et cetera.

18     With respect to the argument based on Judge Steeh's

19 decision in other cases that it is necessary for the trustee

20 to show that there was a diminution of the bankruptcy estate

21 because of the transfer sought to be avoided, there -- there

22 are -- there are a couple of responses to that that I think

23 are correct in my view.

24     First, putting aside the fact that diminution of the

25 estate is not a stated element of the trustee's preference

1   avoidance action under Section 547(b) and that it is difficult
2   to see how appropriately such a requirement can be imported
3   into the statute or implied from Section 547, putting that
4   aside, I think the points made by Judge Rhodes in his decision
5   in the Lee case do point out well the -- the best answer to
6   that.  And that is that there is a diminishment of the
7   bankruptcy estate in these situations and I'll talk
8   specifically about it in the case.

9        It's clear that at the time the transfer was made, that
10  is the mortgage was deemed made and just prior to that time,
11  that is time -- just prior to the perfection of the mortgage,
12  Option One had a bankruptcy been filed at that time, Option
13  One would be viewed as an unsecured creditor in the
14  hypothetical Chapter 7 case and would be treated as such.

15       And the real estate that's the subject of this case would
16  have been not subject to the mortgage for purposes of the
17  trustee's administration and distribution of assets in the --
18  in the Chapter 7 case.  And would have been -- so the equity
19  in that property would have been substantially larger than it
20  is with the mortgage on it.

21       Then during the preference period the mortgage was
22  perfected.  And -- and if that is not -- the mortgage is not
23  avoided, the Option One would be treated as a -- a secured
24  creditor and the -- obviously the equity in the property that
25  the trustee could administer for the benefit of creditors in

1 the case would be substantially less. So there is

2 diminishment of the estate in that sense.

3 The trustee points out also that -- that this was not

4 just a dollar for dollar refinancing where the same debt --

5 the debtors emerged with the same amount of debt that they

6 went into it with. There were some -- there were some 17,000

7 or $18,000 additional debt added to the mortgage loan on the

8 real estate. So this is not a -- there is a diminishment of

9 the estate to that extent in any case.

10 So that even if such a requirement, diminishment of the

11 estate applies, I think in the way of properly viewing what

12 was the transfer, that is the mortgage, the giving of the

13 mortgage only, that that -- that was -- that there was a

14 diminishment of the estate resulting from that transfer. And

15 I agree with Judge Rhodes in his approach to that in his <u>Lee</u>

16 decision. So I must again respectfully disagree with Judge

17 Steeh on that. The -- for those reasons the motion for

18 summary judgment of Option One must be denied.

19 Turning to the trustee's motion, cross motion for summary

20 judgment on Count 1, the preference count, I conclude that the

21 trustee has demonstrated entitlement to summary judgment. The

22 trustee has demonstrated all of the elements of Section 547(b)

23 with respect to the mortgage, the transfer of which is sought

24 to be avoided.

25 In addition to the factors I have discussed earlier

1  already, the -- the trustee relies for meeting Section

2  547(b)(3) on the presumption that the debtors were insolvent

3  when the transfer was made, it having occurred within 90 days.

4  Creditor Option One in responding to the summary judgment

5  motion has made no effort to dispute that or to rebut that

6  presumption. And so that carries the element for the trustee

7  for purposes of this summary judgment motion.

8      The fifth and final element that the transfer at issue

9  enabled the mortgage creditor to -- enables the mortgage

10 creditor to receive more than it would receive if the case

11 were a case under Chapter 7, the transfer had not been made

12 and the creditor received payment of such debt to the extent

13 provided by the provisions of this title.

14     That I think is met for the reasons argued by the trustee

15 at Pages 6 through 7 of the trustee's brief in support of the

16 cross motion for summary judgment where the trustee performs

17 the analysis required by 6th Circuit case law under 547(b)(5)

18 and demonstrates there that that element is met.

19     That is not disputed by Option One in responding to the

20 motion for summary judgment. Option One has not made any

21 other arguments in the nature of attempting to show that there

22 are any genuine issues of material fact with respect to any of

23 the affirmative defenses under Section 547(c). And so for all

24 of these reasons the trustee is entitled to summary judgment

25 avoiding this mortgage in its entirety and the -- so there --

1  the trustee's motion will be granted.

2       Ms. Clark, your motion was as to Count 1 only.  I assume

3  Count 2 is what, an alternative theory of fraudulent transfer?

4            MS. CLARK:  There was only a Count 1.

5            THE COURT:  There was -- okay, all right.  So the

6  decision on these motions disposes of the entire case.  Ms.

7  Clark, I'll ask you to prepare an order stating that for the

8  reasons stated by the Court on the record today, trustee's

9  motion for summary judgment is granted, Option One's is

10 denied, and granting judgment avoiding the -- the mortgage.

11      I think the proposed order you filed with your motion can

12 be adapted to meet this purpose.  Paragraph B of your proposed

13 order -- I'm sorry, wait a minute.  Is fine except I'm going

14 to ask you to take out the last paragraph of the proposed

15 order.  I think that's unnecessary and potentially confusing.

16      What you sought and what you're entitled to is avoidance

17 of the mortgage and preservation of it for the benefit of the

18 estate in the prior paragraph in the order covers that.  Do

19 you see what I mean?

20           MS. CLARK:  Yes, Your Honor.

21           THE COURT:  All right.  I'll waive presentment and

22 review the order when you submit it electronically to make

23 sure it complies with the decision here.  And that will

24 conclude the adversary proceeding and I assume appeal to

25 follow.

1          MS. CLARK:  Thank you, Your Honor.

2          MR. STODDARD:  Thank you, Your Honor.

3          THE COURT:  Thank you all.

4      (Court Adjourned at 12:39 p.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7  We certify that the foregoing is a correct transcript from the

8  electronic sound recording of the proceedings in the

9  above-entitled matter.

10

11  _Deborah L. Kremlick_                    Dated: _9-26-06_
    Deborah L. Kremlick, CER-4872
12  Shelley J. Grasel, CER-0889

13

14

15

16

17

18

19

20

21

22

23

24

25